Lenore L. Albert, Esq.   SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenalbert@interactivecounsel.com

Attorney for Plaintiff, SHERI MOODY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI MOODY, an individual,<br><br>                         Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, N.A, a business entity, type unknown; DOES 1 through 10, inclusive,<br>Defendants. | CASE NO.<br><br>Assigned to the:<br><br>**COMPLAINT**<br><br>1.  Violation of the Garn St. Germain Act<br>2.  Negligent Misrepresentation<br>3.  Fraud/Concealment<br><br>**[JURY TRIAL DEMANDED]**<br><br>**\*\*TRO REQUESTED – SALE DATE 7/14/14\*\*** |

Plaintiff SHERI MOODY, by and through her attorney of record, brings this action on behalf of herself and alleges the following on information and belief against defendant CAPITAL ONE, N.A. and Does 1 through 10, except as to those allegations which pertain to the named Plaintiff:

## VENUE

1.     The court has subject matter jurisdiction over this action pursuant to 28 USC §1332 because the plaintiff and defendant are diverse from each other and the claim involves real property that is worth more than $75,000.00.  The court has personal

1
**COMPLAINT**
*Moody v Capital One, N.A.*

jurisdiction over the defendants in this action by the fact that the Defendants are business entities conducting business in the state of California, County of Orange.

2.     Venue is proper in this Court pursuant to 28 USC § 1392 because the action involves real property located in the Central District of California; and pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions on which the claims are based occurred in this District.

## THE PARTIES

3.     Plaintiff, SHERI MOODY, (referred to as "Moody" or "Plaintiff") at all times mentioned herein relevant to this complaint was the owner of real property commonly known as 6192 Bannock Street, Westminster, California 92683, (the "Bannock Street Property") legally described as:

> LOT 100 OF TRACT NO. 2320, IN THE CITY OF WESTMINSTER, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 70, PAGE 38 TO 41 INCLUSIVE, MISCELLANEOUS MAPS, IN THE OFFICE OF TH COUNTY RECORDER OF SAID COUNTY.

> EXCEPT THEREFROM ALL MINERALS, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET BELOW THE SURFACE OF SAID LAND, WITHOUT THE RIGHT OF SURFACE ENTRY ABOVE THE DEPTH OF 500 FEET FROM THE SURFACE, AS RESERVED IN DEEDS OF RECORD.

> APN No. 203-363-03

4.     Defendant CAPITAL ONE, N.A., (referred to as "CAPITAL ONE, N.A." or "Defendant") has its principal place of business at 1680 Capital One Drive, McLean, Virginia 28255, ph. 703-638-9407 and fx. 888-810-4013 and regularly conducts business in the state of California.

5.      Plaintiffs do not know the true names and capacities of Defendants DOES 1 through 10, inclusive, and, as such, names said defendants by such fictitious names. Plaintiff will amend the complaint to state the true name and capacity of the DOE defendant(s) when such information is ascertained.

6.      Plaintiff is informed and believes and alleges thereon that each defendant is responsible in some manner for the occurrences alleged in this complaint, and that plaintiffs' damages were proximately caused by the defendants at all times mentioned in this complaint.

7.      Plaintiff is further informed and believes and alleges thereon, that each defendants was the agent, servant, representative, and/or employee of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, representatives, family members and/or employees, and with the permission and consent of their co-defendants.

8.      Additionally, plaintiffs are informed and believes and alleges thereon, that each defendant assisted, aided and abetted, adopted, ratified, approved, or condoned the actions of every other defendant and that each corporate defendant, if any, was acting as the alter ego of the other in the acts alleged herein.

9.      Plaintiff SHERI MOODY has lived at the Bannock Street Property for approximately 35 years.

10.     Plaintiff SHERI MOODY bought the Bannock Street residence from proceeds from an inheritance from her late mother.

11.     In or about 1985, plaintiff, SHERI MOODY, married Elwin Moody and they lived at the Bannock Street residence as husband and wife.

12.     From time to time, SHERI MOODY would obtain a loan secured by the Bannock Street address.

3
**COMPLAINT**
*Moody v Capital One, N.A.*

13.     From 2002 to 2008 she never had a problem having the lender of any of these loans accept her payments.

14.     Plaintiff SHERI MOODY and Elwin Moody lost one of their sons in a tragic accident on August 3, 2001.

15.     Elwin Moody demanded $25,000.00 for payment from proceeds of their son's death from SHERI MOODY.

16.     Sheri Moody then contacted a broker to obtain a loan on the Bannock Street residence in order to pay Elwin Moody for the $25,000.00 he purported his wife SHERI MOODY owed him, and to pay off a previous loan.

17.     Then at one point SHERI MOODY agreed to a loan that came from Chevy Chase Bank, F.S.B. and signed the closing papers on or about August 6, 2007.

18.     Elwin Moody later apparently signed loan papers on or about August 17, 2007 while he was in Riverside, California.

19.     The loan was for $275,000.00 which included a payoff to Washington Mutual for $206,566.47, $56,789.03 in approximate refund and the remainder was closing costs, fees and broker commissions.

20.     It was brokered by SC Escrow Services, Inc. and title was insured by Gateway Title.

21.     The loan closed and it was later transferred to defendant, CAPITAL ONE, N.A.

22.     Elwin Moody stopped making payments on the mortgage.

23.     Elwin Moody than negotiated a loan modification with CAPITAL ONE, N.A. on or about July 15, 2011 against SHERI MOODY'S Bannock Street Property with a monthly mortgage payment of $1,595.72 until May 1, 2016.

24.     The loan went into default.

25.     When plaintiff SHERI MOODY called to negotiate with CAPITAL ONE, N.A. they refused to negotiate with her, representing that SHERI MOODY was not on the loan.

26.     CAPITAL ONE, N.A. insisted plaintiff needed to get a judgment of dissolution transferring the property to her name.

27.     On or about September 10, 2013 Elwin Moody received a response to a Qualified Written Request on or about September 5, 2013 from Capital One at PO Box 21887, Eagan, MN 55121.

28.     Defendant Capital One responded purporting to attach the Note which only had Elwin Moody's signature on it and it was purporting he signed on August 6, 2007.

29.     Plaintiff is informed and believes and alleges thereon that the loan documents had to have been swapped, forged or somehow altered on the grounds she signed the true loan documents on August 6, 2007 in Orange County, California and Elwin Moody signed the true loan documents on August 17, 2007 in Riverside County, California.

30.     Plaintiff is informed and believes and alleges thereon that a second set of loan documents were created in the name of Elwin Moody alone and the payments disclosed in that TRUTH-IN-LENDING DISCLOSURE STATEMENT showed the total amount being financed $265,050.50 at 29 payments of $832.77 per month and then 451 payments of $2,481.78 per month.  This document was not presented to SHERI MOODY or signed by her.

31.     Plaintiff is informed and believes and alleges thereon that the bank swapped out the loan papers and removed SHERI MOODY from the loan.

32.     Plaintiff tried to obtain a copy of the original loan documents from the broker but the broker said they were destroyed.

33.     Plaintiff tried to explain this to Capital One, and even hired an attorney to draft and send Capital One a letter on her behalf in December 2013, but Capital One refused to talk with her on the grounds she was not on the loan documents and she did not have a court order.

34.     So Plaintiff SHERI MOODY went back to the family court and finally received her judgment of dissolution on or about February 7, 2014 from the Orange County Superior Court.

35.     She faxed the judgment to Capital One which showed that the Bannock Street Property was ordered as her sole property.

36.     However, Capital One told her that they wanted to help her so she would not get foreclosed upon but, she needed to also provide a recorded copy of a deed showing the property in her name before they could negotiate with her.

37.     So plaintiff negotiated with her ex-husband Elwin Moody to sign an Interspousal Transfer Grant Deed.

38.     The Interspousal Transfer Grant Deed was finally signed and recorded on June 19, 2014 in the Orange County Recorder's Office Doc No. 2014-000242923 transferring the deed out of Elwin Moody's name and into Sheri Moody's name.

39.     Plaintiff faxed a copy of the Interspousal Transfer Grant Deed to Capital One at  866-247-6402 and followed up with a phone call to their customer service department.

40.     Plaintiff SHERI MOODY complained to CAPITAL ONE that she believed there was fraud in the origination of her loan.

41.     Elizabeth Mossina, an employee of Capital One sent SHERI MOODY a letter dated June 26, 2014 acknowledging that plaintiff had informed Capital One of the fraud, however, it misrepresented that Ms. Moody was not in contact with them.

42.        In Fact, SHERI MOODY had called Capital One at 703-638-9407 and 877-230-8516 phone number numerous times, including but not limited to 3/2/14, 3/3/14, 3/6/14, 6/2/14, 6/16/14, 7/3/14, and 7/9/14 to discuss the fraud allegations with them.

43.        In response to the letter she received dated June 26, 2014, plaintiff immediately faxed Capital One a letter to No. 866-247-6402 explaining in layman terms her frustrations on or about June 30, 2014 and/or July 2, 2014.

44.        Capital One continues to refuse to investigate the possible fraud in the loan documents they are foreclosing upon and have set to sell Ms. Moody's home on July 14, 2014, causing plaintiff irreparable harm, damages and emotional distress.

## FIRST CAUSE OF ACTION

### Violation of the Garn-St. Germain Depository Institutions Regulatory Act
### (Against CAPITAL ONE, N.A.)

45.        Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.        Instead of dealing with plaintiff SHERI MOODY as an owner and/or borrower CAPITAL ONE, N.A. called the Due on Sale clause contained in the deed of trust either expressly or impliedly through their actions as noted above because although she obtained her divorce and judgment from the family law court granting her the Bannock Street Property, the deed was not yet signed and recorded with the Orange County Recorder's Office.

47.        However, in 1982 Congress passed the Garn-St. Germain Depository Institutions Regulation Act.

48.         The Garn-St. Germain Depository Institutions Regulatory Act prohibited CAPITAL ONE, N.A. from using the Due on Sale provision in order to initiate a foreclosure, continue a foreclosure, and/or conclude a foreclosure on the Bannock Street Property.

49.      Under the Garn-St Germain Depository Institutions Regulatory Act, when a co-owner is divorced, if the title to the residence is transferred to either an ex-spouse or offspring of the divorced owner who will live in the home, the Garn-St. Germain Law bars the lender from enforcing the due-on-sale clause.

50.      Plaintiff SHERI MOODY was not given one year to assume the loan or refinance it after the judgment made on February 7, 2014.  Plaintiff is informed and believes and alleges thereon that after the interspousal deed was recorded on June 26, 2014, CAPITAL ONE, N.A. set to sell the Bannock Street Property almost immediately thereafter with a sale date of July 14, 2014.

51.      Since defendant CAPITAL ONE, N.A. impliedly or expressly enforced the due on-sale clause against plaintiff SHERI MOODY the ex-spouse of Elwin Moody, CAPITAL ONE, N.A. violated The Garn-St. Germain Depository Institutions Regulatory Act.

52.      As a direct and proximate result of this violation plaintiff has been injured in that she is losing her present and future rights to the title and possession of the Bannock Street Property.

53.      As a further direct and proximate result of this violation plaintiff has incurred legal costs and fees, and been emotionally distressed over the loss of her home of 30 plus years.

54.      This caused plaintiff to suffer serious emotional distress, including, without limitation, suffering, anguish, nervousness, grief, anxiety, worry, shock, humiliation, and shame, to such an extent that an ordinary, reasonable person would be unable to cope with it.

## SECOND CAUSE OF ACTION

### Negligent Misrepresentation

### (Against CAPITAL ONE, N.A., and Does 1 through 10)

8
**COMPLAINT**
*Moody v Capital One, N.A.*

55.     Plaintiff incorporates by reference the allegations made above in paragraphs 1 through 54 as though fully set out herein.

56.     CHEVY CHASE BANK, N.A. which merged with CAPITAL ONE, N.A. in 2009, represented to Plaintiff that an important fact was true.

57.     GATEWAY TITLE is not registered to do business in California with the California Secretary of State and it is not listed as holding a license with the California Department of Insurance.

58.     As such CAPITAL ONE, N.A. assumed all liabilities of CHEVY CHASE BANK, N.A. including liabilities for any fraud in the loan origination process on the Bannock Street Property loan.

   a.   On or about August 6, 2007 Chevy Chase Bank, N.A. represented that Gateway Title was providing title insurance on her home, implying that Gateway Title was registered with the California Secretary of State and/or California Department of Insurance to conduct business in this state.

   b.   On or about June 16, 2014 Elizabeth Mossina, employee of Chevy Chase Bank, N.A. represented that the foreclosure sale of plaintiff's home set for July 14, 2014 would be postponed by the bank if she had the interspousal transfer grant deed recorded and sent the bank a copy of it so they could communicate with each other.

59.     CAPITAL ONE, N.A.'s representations were not true.

60.     Despite the express representations in the phone call with Elizabeth Mossina that no foreclosure sale would proceed, and the fact that SHERI MOODY faxed over a copy of the interspousal transfer grant deed to her, the foreclosure sale is still set for July 14, 2014.

61.     Second, Gateway Title is not registered to do business in California with the California Secretary of State and is not licensed with the California Department of

Insurance and no papers were provided to contact them in order to file a claim based on the fraudulent loan origination issue.

62.     Although Chevy Chase Bank and CAPITAL ONE, N.A. may have honestly believed these representations were true, neither had any reasonable grounds for believing the representations were true when made.

63.     CAPITAL ONE, N.A. intended that Moody rely on this representation laid out above.

64.     Moody reasonably relied on CAPITAL ONE, N.A.'s representations that the closing was being insured by Gateway Title if a title issue (like the present) should arise and that the foreclosure sale of July 14, 2014 would not go forward and her fraud issue would be honestly investigated because the representations re: Gateway Title were placed on SC Escrow letterhead in the Closing Statement and the representation on the foreclosure sale being postponed was made by CAPITAL ONE, N.A. representatives at their phone number 703-638-9407 as listed on Capital One's own letterhead for Elizabeth Mossina.

65.     As a result of Defendant's misrepresentations about the status of the foreclosure sale and the title insurance surrounding this loan, Plaintiff has incurred extra expense in going back to the family court to obtain the correct documents, spent time and money getting Elwin Moody to sign the interspousal transfer grant deed and recording it with the recorder's office. She has incurred attorney fees and expenses and suffered emotional distress.

66.     It was foreseeable when Defendant made these representations, plaintiff would suffer these consequences.

67.     This caused plaintiff to suffer serious emotional distress, including, without limitation, suffering, anguish, nervousness, grief, anxiety, worry, shock, humiliation,

and shame, to such an extent that an ordinary, reasonable person would be unable to cope with it.

68.     Moody' reliance on CAPITAL ONE, N.A.'s representations about the status of her foreclosure sale which was supposed to be postponed or reset and the fact that Gateway Title operating in California cannot be located as no such company is registered with the California Secretary of State was a substantial factor in causing his harm.

69.     As a result of defendants' breach, plaintiffs were injured emotionally, financially and their property was damaged in an amount to be proven at trial.

70.     Elizabeth Mossini is a controlling manager, or officer of CAPITAL ONE, N.A., and as such, punitive damages from CAPITAL ONE, N.A. are warranted.

71.     The aforementioned conduct of defendant(s) was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant(s) with the intention on the part of the defendant(s) of thereby depriving plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

Wherefore plaintiff demands judgment against defendants as set forth below.

## THIRD CAUSE OF ACTION

### (Fraud/Concealment of Material Fact)

### (Against CAPITAL ONE, N.A. and Does 1 through 10)

72.     Plaintiffs incorporate by reference the allegations made above in paragraphs 1 through 71 as though fully set out herein.

73.     GATEWAY TITLE is not registered to do business in California with the California Secretary of State and it is not listed as holding a license with the California Department of Insurance.

74.     SC ESCROW SERVICES, INC. was suspended from doing business in California.

75.     CHEVY CHASE BANK, N.A. was acquired by CAPITAL BANK ONE, N.A. in 2009 and assumed all liabilities from CHEVY CHASE BANK, N.A. when it assumed the loan on the Bannock Street Property.

76.     CAPITAL ONE, N.A. is responsible for all acts and/or omissions and concealments of material fact by CHEVY CHASE BANK, N.A.

77.     CHEVY CHASE BANK, N.A. had a relationship with plaintiff SHERI MOODY as lender and borrower.

78.     CHEVY CHASE BANK, N.A. intentionally failed to disclose an important fact that was material to the loan that only CHEVY CHASE BANK, N.A. or SC ESCROW SERVICES, INC. knew or could have known, in that it concealed the loan documents plaintiff SHERI MOODY signed and agreed to was later swapped out for a different loan wherein her name was taken off of the loan documents and Elwin Moody's name was placed on them alone and back dated to on or about August 6, 2007.

79.     CHEVY CHASE BANK, N.A. also intentionally failed to disclose an important fact that was material to the loan that only CHEVY CHASE BANK, N.A., and SC ESCROW SERVICES, INC. knew or could have known, in that it concealed the fact that GATEWAY TITLE either did not exist or was not registered to do business in California thus leaving SHERI MOODY without recourse if something should happen to her title, like having the loan documents swapped out after closing on August 6, 2007.

80.     CHEVY CHASE BANK, N.A. and CAPITAL ONE, N.A. actively concealed these important facts from Plaintiff and refused to communicate with her with regard to the loan or its terms and told her if she tried to send in a payment they would simply reject it.

81.     Plaintiff could not get the loan documents from either GATEWAY TITLE or SC ESCROW SERVICES, INC. and was prevented from discovering the true facts as a result.

82.     Plaintiff SHERI MOODY did not know of the true facts when the loan documents were signed by her on August 6, 2007.

83.     Defendant CAPITAL ONE, N.A. intended to deceive plaintiff SHERI MOODY and conceal the swapping out of the loan packages which was an important fact.

84.     Plaintiff SHERI MOODY reasonably relied on Defendant's deception at the closing of the loan because she was presented with loan documents to sign that were placed on letterhead from SC Escrow Services, Inc. and she trusted the loan broker and it appeared she was paying for title insurance as part of her closing costs in the sum of approximately $1,000.00.

85.     As a direct and proximate result of these representations, plaintiff was harmed.

86.     Plaintiff's home later went into foreclosure and CAPITAL ONE, N.A. refused to work with plaintiff SHERI MOODY on the pretense that she was not on the loan.

87.     She even asked if CAPITAL ONE, N.A. would at least accept a mortgage payment from her and the representative on the phone told her "no."

88.     Plaintiff contacted CAPITAL ONE, N.A. and reported the fraud in her loan origination documents however, their employee Liz Mossina who worked at the headquarters office in McLean, VA never actually investigated the fraud and merely sent a letter dated June 26, 2014 to Ms. Moody on Capital One letterhead that misrepresented the record time Ms. Moody called in and threatened to close the file at the same time they put the house up for sale.

89.      As a direct and proximate result, defendant is foreclosing on her home of 30 plus years, she has incurred out of pocket expenses in trying to save the home and find the original brokers and loan documents, mailing packages to Capital One, going back to the family court and getting documents recorded to try to save it as well as losing title to her home.

90.      Plaintiff has also incurred attorney fees and costs as a proximate and direct result.

91.      As a further direct and proximate result, Plaintiff suffered serious emotional distress, including, without limitation, suffering, anguish, nervousness, grief, anxiety, worry, shock, humiliation, and shame, to such an extent that an ordinary, reasonable person would be unable to cope with it.

92.      As a proximate result of defendants' conduct, plaintiffs have been financially and emotionally injured in an amount to be proven at trial.

93.      Defendant's concealment in both that Gateway Title is not a company registered to do business in California, leaving her without any title insurance, and that the loan documents were swapped after she signed them, were both a substantial factor in plaintiff SHERI MOODY's harm.

94.      Elizabeth Mossini is a controlling manager, or officer of CAPITAL ONE, N.A., and as such, punitive damages from CAPITAL ONE, N.A. are warranted.

95.      The aforementioned conduct of defendant(s) was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant(s) with the intention on the part of the defendant(s) of thereby depriving plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiff to a cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

Wherefore plaintiff demands judgment against defendants as set forth below.

**COMPLAINT**
*Moody v Capital One, N.A.*

## **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiffs pray for judgment** against defendants, and each of them, as follows:

A. First Cause of Action for Violation of the Garn St. Germain Act:

    1.  General Damages

    2.  Special Damages

    3.  Order correcting credit damage

    4.  Injunctive and declaratory relief

    5.  Attorney Fees

    6.  Costs

    7.  Such other and further relief as this Court finds necessary and proper.

B. Second Cause of Action for Negligent Misrepresentation

    1.  General Damages

    2.  Special Damages

    3.  Injunctive relief

    4.  Attorney Fees

    5.  Costs

    6.  Interest

    7.  Punitive Damages

    8.  Such other and further relief as this Court finds necessary and proper.

C. Third Cause of Action for Fraud/Concealment

    1.  General Damages

    2.  Special Damages

    3.  Order correcting credit damage

    4.  Injunctive relief

**COMPLAINT**
*Moody v Capital One, N.A.*

5. Attorney Fees

6. Costs

7. Punitive Damages

8. Such other and further relief as this Court finds necessary and proper.


Dated:  July 10, 2014                            Respectfully Submitted,

                                        LAW OFFICES OF LENORE ALBERT


                                        /s/ Lenore Albert_____
                                        LENORE L. ALBERT, ESQ.
                                        Attorney for Plaintiffs, SHERI MOODY


## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

Dated:  July 10, 2014                            Respectfully Submitted,

                                        LAW OFFICES OF LENORE ALBERT


                                        /s/ Lenore Albert_____
                                        LENORE L. ALBERT, ESQ.
                                        Attorney for Plaintiff, SHERI MOODY

**COMPLAINT**
***Moody v Capital One, N.A.***

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:
I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 7755 Center Avenue Suite #1100,Huntington Beach, CA  92647.
On July 10, 2014, I served a copy of the following document(s) described as:
**PLAINTIFFS' *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION; DECLARATION OF LENORE ALBERT**

On the interested parties in this action as follows:

Capital One, N.A.
1680 Capital One Drive
McLean, VA 22102
Ph: 703-638-9407, Fax: 888-863-4428
Elizabeth.mossina@capitalone.com

**[] BY CM/ECF** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth pursuant to FRCP 5(d)(1).
**[x] BY EMAIL** – I caused such document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth.
**[x] BY FAX** – I caused such document(s) to be transmitted facsimile from the offices located in Huntington Beach, California this business day to the aforementioned recipients.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: July 10, 2014

/s/ Lenore Albert_____
Lenore Albert

**COMPLAINT**
***Moody v Capital One, N.A.***